United States Court of Appeals
Fifth Circuit

**F I L E D**

**June 25, 2007**

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS
FIFTH CIRCUIT**

No. 06-41535
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JUAN GUTIERREZ-ARRIAGA, also known as Juan Ramirez-Arriaga,

Defendant-Appellant.

Appeal from the United States District Court
for the Southern District of Texas
(1:06-CR-370)

Before DAVIS, BARKSDALE, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Juan Gutierrez-Arriaga was convicted of one count of illegal reentry into the United States following an aggravated-felony conviction, and sentenced to 37 months' imprisonment.

Gutierrez-Arriaga contends his sentence is unreasonable because the district court failed to accord proper weight to the sentencing factors in 18 U.S.C. § 3553. This assertion lacks merit. When a sentence is within a properly calculated guidelines range, our court infers that the requisite sentencing factors were

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

considered and gives great deference to that sentence. *E.g.*, *United States v. Mares*, 402 F.3d 511, 519 (5th Cir.), *cert. denied*, 126 S. Ct. 43 (2005). The record shows: the district court gave due weight to the § 3553 factors; and the sentence is *not* unreasonable.

Gutierrez-Arriaga challenges the constitutionality of 8 U.S.C. § 1326(b)'s treatment of prior felony and aggravated felony convictions as sentencing factors rather than elements of the offense that must be found by a jury. This constitutional challenge is foreclosed by *Almendarez-Torres v. United States*, 523 U.S. 224, 235 (1998). Gutierrez-Arriaga properly concedes this; he raises the issue only to preserve it for further review.

*AFFIRMED*